UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLYDE DEVON MCCRAY,

        Petitioner,

v.                                          Case No. 2:23-11077

                                                 Hon. Nancy G. Edmunds

FREDEANE ARTIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Michigan prisoner Clyde Devon McCray, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his plea-based convictions for delivery/manufacturing of less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv), and third-offense operating while intoxicated, Mich. Comp. Laws § 257.625. His petition raises two claims concerning ineffective assistance of trial counsel and the trial court's abuse of discretion for failing to explain the consequences of the plea. Respondent has filed a motion to dismiss arguing that the petition is untimely under the statute of limitations set forth under 28 U.S.C. § 2244(d)(1) and contains unexhausted claims. Petitioner filed a reply contending that the petition was timely filed under principles of equitable tolling and that his claims are properly exhausted.

For the reasons discussed below, the Court GRANTS the motion to dismiss and dismisses the habeas petition for being untimely. The Court further declines to issue a certificate of appealability or leave to appeal *in forma pauperis*.

## I.     BACKGROUND

On July 24, 2019, Petitioner pleaded no-contest to the charges of delivery/manufacturing of less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv)), and third-offense operating while intoxicated, Mich. Comp. Laws § 257.625, in the Oakland County Circuit Court.  On August 21, 2019, the trial court sentenced Petitioner to 5 to 40 years' imprisonment for the heroin conviction and 5 to 20 years' imprisonment for the operating while intoxicated conviction.  Petitioner's sentences were to be served consecutively to two sentences that he was already serving for possession of at least 25 grams but less than 50 grams of narcotics/cocaine, Mich. Comp. Laws § 333.7403(2)(a)(iv) and third-offense operating while intoxicated, Mich. Comp. Laws § 257.625.  On January 11, 2021, Petitioner filed a motion to withdraw the plea and/or to correct an invalid sentence on the basis that counsel did not advise that he was subject to mandatory consecutive sentencing, rendering his plea involuntary.  On May 28, 2021, the trial court denied the motion.

On July 9, 2021, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising a single claim challenging the voluntariness of his plea.  On August 17, 2021, the Michigan Court of Appeals denied the application "for lack of merit on the grounds presented."  *See* ECF No. 8-10, PageID.286.  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court.  On January 4, 2022, the court denied the application on the basis that it was "not persuaded that the questions

2

presented should be reviewed by this Court." *People v. McCray*, 967 N.W.2d 616 (Mich. 2022).

On February 28, 2023, Petitioner signed and dated a habeas petition challenging the same convictions and sentence in this case. *See McCray v. Artis*, Case No. 23-cv-10546 (2023). The petition was docketed in this Court on March 8, 2023.[1] On March 15, 2023, the Court dismissed the petition without prejudice on the basis that Petitioner's application to proceed *in forma pauperis* established that he was not indigent for purposes of paying the filing fee. *McCray*, Case No. 23-cv-10546 (March 15, 2023).

Petitioner re-filed the present habeas petition in this Court, which was docketed on May 8, 2023. The petition is undated; however, it was postmarked on May 3, 2023. Therefore, the Court accepts the filing date is May 3, 2023. *See Payne v. Nagy*, No. 2:19-CV-12299, 2020 WL 7042954, at *2 n.1 (E.D. Mich. Nov. 30, 2020) ("The federal prison mailbox rule provides that submissions by pro se prisoners are considered filed on the date they are given to prison officials for mailing."). Respondent now contends that the petition is untimely and contains unexhausted claims.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

---

[1] For purposes of calculating the statute of limitations, the Court considers the petition filed on February 28, 2023, the date it was postmarked, rather than the date it was actually filed with the Court. *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period allowed under the statute must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000) (dismissing case filed thirteen days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner is not relying on a newly-recognized constitutional right or newly-discovered facts, and he has not alleged that a state-created impediment prevented him from making a timely petition. Consequently, the relevant subsection here states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Michigan Supreme Court denied Petitioner's application for leave to appeal on January 4, 2022. However,

4

the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, Petitioner's judgment became final on April 4, 2022, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, Petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than April 4, 2023, in order for the petition to be timely filed. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner initially filed his habeas petition on February 28, 2023, prior to the expiration of the limitations period. However, the petition was dismissed on March 15, 2023, under 28 U.S.C. § 1915(e)(2)(A) because his allegation of poverty was untrue. In the Order, the Court informed Petitioner that he "may submit a new habeas petition with prepayment of the filing fee in a new case" and that the case would not be reopened. *See Order*, No. 2:23-10546 (Mar. 14, 2023), ECF No. 3. Petitioner had until April 4, 2023 to timely re-file his habeas petition and pay the fee. However, he did not re-file the present petition until May 3, 2023, approximately one month past the statute of limitations deadline. Therefore, absent a showing of equitable tolling or actual innocence, the petition is time-barred.

Petitioner does not allege that he is actually innocent; therefore, the Court will proceed to the equitable tolling analysis. The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " and prevented the timely filing of the habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to establish entitlement to equitable tolling of the one-year limitations period. *Id*.

Although the Court may equitably toll the limitations period for the time that his first habeas petition was pending in the federal court, the Court concludes that the present petition is nevertheless untimely. The first petition was pending in this Court for 15 days, giving Petitioner until April 19, 2023, to file his petition. Petitioner, however, did not file until nearly two weeks later, on May 3, 2023. Petitioner claims that he diligently pursued his rights by attempting to submit the filing fee in Case No. 23-10546 after it was dismissed, but the Clerk of the Court rejected the payment in a letter dated April 14, 2023, stating that "Petitioner must submit a new Habeas petition." (ECF No. 9, PageID.430.) The Court is not persuaded that Petitioner is entitled to further equitable tolling on this basis. The Court twice directed Petitioner to initiate a new habeas action after dismissing the first petition. (*See* Order, No. 2:23-10546, ECF No. 3, PageID.185; ECF No. 9, PageID.430.) Moreover, the Court's dismissal order explicitly stated that

6

"the case will not be reopened."[2] (Case No. 23-10546, ECF No. 3, PageID.185.) Despite being on notice, Petitioner did not re-file his petition until May 3, 2023. Moreover, aside from alleging delays in the prison mailing system, Petitioner has not shown that any extraordinary circumstance stood in his way that prevented him from re-filing his petition by April 19, 2023. Therefore, the Court concludes that the petition is time barred and must be dismissed. Because the petition is untimely, the Court will not address Respondent's exhaustion argument.

### III. CONCLUSION

The Court concludes that the habeas petition is untimely. Accordingly, the Court DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. In

---

[2] What is more, the Court simplified the re-filing process, making it even easier for Petitioner to timely submit his petition. In the March 14 Order, the Court stated that if Petitioner initiated a new action with payment of the filing fee, he could request that all previously filed materials be electronically re-filed the new case without needing to file additional paper copies.

this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court DENIES a certificate of appealability.

**IT IS SO ORDERED.**

Dated: August 12, 2024

s/Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE